# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QCX LLC, d/b/a Polymarket US,<br>        *Plaintiff*,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts; JORDAN MAYNARD, in his official capacity as Chair of the Massachusetts Gaming Commission; EILEEN O'BRIEN, in her official capacity as Commissioner of the Massachusetts Gaming Commission; BRADFORD R. HILL, in his official capacity as Commissioner of the Massachusetts Gaming Commission; NAKISHA SKINNER, in her official capacity as Commissioner of the Massachusetts Gaming Commission; PAUL BRODEUR, in his official capacity as Commissioner of the Massachusetts Gaming Commission; and DEAN SERPA, in his official capacity as the Executive Director of the Massachusetts Gaming Commission,<br><br>        *Defendant*s. | Case No.:  1:26-cv-10651-WGY<br><br>**STIPULATION OF VOLUNTARY DISMISSAL AND JOINT MOTION TO STAY PROCEEDINGS** |

   Pursuant to Federal Rule of Civil Procedure 41(a)(1) and Local Rule 7.1(a)(2), Plaintiff and Defendants, through their respective counsel, stipulate and jointly move the Court as follows:

   1. On February 9, 2026, Plaintiff filed a complaint seeking declaratory and injunctive relief against Defendants.

   2. On February 10, 2026, Plaintiff informed Defendants that it intends to file a Motion for a Preliminary Injunction.

   3. The parties conferred in good faith in an attempt to resolve or narrow the issues presented in Plaintiff's anticipated preliminary injunction motion.

4. On September 12, 2025, the Attorney General commenced a civil enforcement action against KalshiEX LLC ("Kalshi") in Suffolk Superior Court concerning sports-related event contracts (the "Kalshi enforcement proceedings").

5. On January 20, 2026, the Suffolk Superior Court issued its Memorandum of Decision and Order on Preliminary Injunction and Motion to Dismiss, denying Kalshi's motion to dismiss and granting the Commonwealth's motion to enjoin Kalshi from offering sports-related event contracts in the Commonwealth. On February 6, 2026, the Superior Court entered the preliminary injunction; Kalshi promptly appealed the same day.

6. On February 17, 2026, a single justice of the Massachusetts Appeals Court ordered a stay of the preliminary injunction in the Kalshi enforcement proceedings pending the outcome of the appeal.

7. Kalshi's appeal of the preliminary injunction in the Kalshi enforcement proceedings will present legal questions that are similar to the issues present in this case.

8. The parties concur that a stay of proceedings in this action and a stipulation that Defendants will not file enforcement proceedings as described in Paragraphs 12 and 14 below would promote judicial economy and limit duplicative litigation.

9. The parties therefore stipulate to and jointly move the Court to enter an order staying this matter until Kalshi has exhausted its state appellate rights[1] with respect to its appeal of the preliminary injunction in the Kalshi enforcement proceedings.

---

[1] For clarity, if the Massachusetts Supreme Judicial Court ("SJC") hears Kalshi's appeal in the first instance on direct appellate review, Kalshi shall be considered to have exhausted its state appellate rights with respect to the preliminary injunction when the SJC issues its opinion affirming or reversing the entry of the preliminary injunction. If the Appeals Court hears the appeal in the first instance, Kalshi shall be considered to have exhausted its state appellate rights with respect to the preliminary injunction when (1) the time for seeking further appellate review under Mass. R. App. P. 27.1 of the Appeals Court's decision affirming or reversing the entry of the

10. The parties agree and therefore stipulate that they will meet and confer and propose a briefing schedule for any preliminary injunction motion brought by Plaintiff within 14 days after the stay entered by this Court terminates.

11. The parties agree and therefore jointly move the Court to extend Defendants' time to answer or otherwise respond to Plaintiff's complaint to 60 days after the stay entered by this Court terminates.

12. Defendants agree they will not initiate, pursue, or maintain any civil or criminal enforcement action against Plaintiff based on Plaintiff's listing of sports-related event contracts on its designated contract market until at least 14 days after the stay entered by this Court terminates.

13. Defendants have requested that Plaintiff voluntarily dismiss Defendants Chair and Commissioners of the Massachusetts Gaming Commission and the Executive Director of the Massachusetts Gaming Commission (collectively, "Commission Defendants"). Based on the Commission Defendants' representation, stipulation, and agreement, including as set forth in Paragraph 14, Plaintiff agrees that it will voluntarily dismiss the Commission Defendants from this action without prejudice.

14. The Commission Defendants represent that the Commission Defendants do not have authority to file or maintain any civil or criminal enforcement action against Plaintiff without approval of the Attorney General and will not have such authority unless and until Plaintiff obtains a sports wagering license pursuant to Mass. Gen. L. c. 23N. In addition, Defendants Chair and Commissioners of the Massachusetts Gaming Commission shall not make a request under G.L. c. 23N, § 4(g) for the Attorney General to bring any enforcement action against Plaintiff until after

---

preliminary injunction expires, if Kalshi does not seek further appellate review, or (2) the SJC denies further appellate review or issues its opinion, if Kalshi seeks further appellate review.

the conditions in Paragraph 12 are met.

15. The parties agree that by entering into this Stipulation, they do not waive any rights in this action beyond those expressly stated herein. The parties also agree that this Stipulation does not resolve any claim or defense asserted in this action, and that neither party will make any motion or argument on the basis of this Stipulation, except as it concerns enforcement of this Stipulation.

16. For the foregoing reasons, the parties respectfully request the Court stay this matter and dismiss, without prejudice, Jordan Maynard, Eileen O'Brien, Bradford R. Hill, Nakisha Skinner, Paul Brodeur, and Dean Serpa.

Dated: March 4, 2026

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted |
| | |
| QCX LLC d/b/a POLYMARKET US | ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts |
| By its attorneys, | JORDAN MAYNARD, in his official capacity as Chair of the Massachusetts Gaming Commission; |
| */s/ Elissa Flynn-Poppey* | EILEEN O'BRIEN, in her official capacity as Commissioner of the Massachusetts Gaming Commission; |
| Elissa Flynn-Poppey, BBO #647189 | |
| EFlynn-Poppey@mintz.com | BRADFORD R. HILL, in his official capacity as Commissioner of the Massachusetts Gaming Commission; |
| Emily Kanstroom Musgrave, BBO #678979 | |
| EKMusgrave@mintz.com | NAKISHA SKINNER, in her official capacity as Commissioner of the Massachusetts Gaming Commission; |
| Mitchell J. Clough, BBO #705227 | |
| MJClough@mintz.com | PAUL BRODEUR, in his official capacity as Commissioner of the Massachusetts Gaming Commission; and |
| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. | |
| One Financial Center | DEAN SERPA, in his official capacity as the Executive Director of the Massachusetts Gaming Commission, |
| Boston, MA 02111 | |
| Telephone: 617.542.6000 | |
| | By their attorneys, |
| Orin Snyder (admitted *pro hac vice*) | |
| osnyder@gibsondunn.com | */s/* Jared Rinehimer |
| Matt Benjamin (admitted *pro hac vice*) | Jared Rinehimer, BBO # 684701 |
| mbenjamin@gibsondunn.com | Alda Chan, BBO # 705204 |
| GIBSON DUNN & CRUTCHER LLP | Louisa E. Castrucci, BBO # 692208 |
| 200 Park Avenue | Joshua Edlin, BBO # 715110 |
| New York, NY 10166 | M. Patrick Moore, BBO # 670323 |
| Telephone: 212.351.4000 | Frances Cohen, BBO #542811 |
| | Assistant Attorneys General |
| Thomas H. Dupree, Jr. (admitted *pro hac vice*) | One Ashburton Place |
| tdupree@gibsondunn.com | Boston, Massachusetts 02108 |
| Jacob T. Spencer (admitted *pro hac vice*) | 617-963-2594 / jared.rinehimer@mass.gov |
| jspencer@gibsondunn.com | 617-963-2525 / alda.chan@mass.gov |
| Adam I. Steene (admitted *pro hac vice*) | 617-963-2848 / louisa.castrucci@mass.gov |
| asteene@gibsondunn.com | 617-963-2905 / joshua.edlin@mass.gov |
| GIBSON DUNN & CRUTCHER LLP | 617-963-7491 / pat.moore@mass.gov |
| 1700 M Street, N.W. | 617-963-2006 / frances.cohen@mass.gov |
| Washington, D.C. 20036 | *Attorneys for Defendants* |
| Telephone: 202.955.8500 | |
| | |
| *Attorneys for Plaintiff QCX LLC, d/b/a Polymarket US* | |

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 4, 2026.

<u> */s Elissa Flynn-Poppey*    </u>
Elissa Flynn-Poppey, Esq.
